

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT



JAYVON WRIGHT, et al., )
)
       Plaintiffs-Petitioners, ) No. **16-8032**
)
       v. )
) (District of Delaware No. 13-
City of Wilmington, ) 1966-SLR-SRF)
)
       Defendant- )
Respondent. )
)

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1292(b) and FRCP 23(f)

**THE NORMAN LAW FIRM**

DATED:  April 12, 2016

*/s/ Stephen P. Norman*
Stephen P. Norman, Esquire, Bar. No. 4620
Daniel C. Herr, Esquire, Bar No. 5497
The Norman Law Firm
30838 Vines Creek Road, Unit 3
Dagsboro, DE 19939
(302) 537-3788
snorman@thenormanlawfirm.com
*Attorneys for Petitioners*

## **CORPORATE DISCLOSURE STATEMENT**

Petitioners Jayvon Wright, Antoine Murrey, Keith Medley, Gregory Griffin and

Rashad El are each individual citizens of the state of Delaware with no corporate

interests or holdings.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .................................................... ii

TABLE OF AUTHORITIES ................................................................. iv

PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. 1292(b) and

FRCP 23 .....................................................................................1

INTRODUCTION................................................................................1

FACTUAL BACKGROUND ..................................................................2

QUESTIONS PRESENTED ...................................................................3

RELIEF SOUGHT..............................................................................3

REASONS WHY AN APPEAL SHOULD BE PERMITTED ...........................4

   1.   The District Court Failed to Properly Determine Ascertainability ..........6
   2.   The Adoption of the Report and Recommendations Was Improper .......8

CONCLUSION................................................................................12

STATEMENT OF RELATED CASES.....................................................13

CERTIFICATION OF COMPLIANCE PURSUANT TO FED. R. APP.

32(a)(7)(C) AND CIRCUIT RULE 32-1 .................................................14

CERTIFICATE OF SERVICE .............................................................15

# TABLE OF AUTHORITIES

## Other Authorities

*Casale v. Kelly*, 257 F.R.D. 396 (S.D.N.Y. 2009)......................................................7

*In re Nassau County Strip Search Cases*, 461 F.3d 219 (2d Cir.2006)....................7

*Stinson v. City of New York*, 282 F.R.D. 360 (2012)............................................6, 7

## Rules

Fed.R.Civ.P. 23(f) ..............................................................................................1, 4

## Federal Cases

*Blades v. Monsanto Co.*, 400 F.3d 562 (8th Cir. 2005)............................................9

*Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834-35 (7th Cir. 1999)...............5

*Cotterall v. Paul*, 755 F.2d 777 (11th Cir.1985)......................................................10

*Gariery v. Grant Thornton LLP*, 368 F.3d 356, 366 (4th Cir. 2004) .......................9

*In re IPO*, 471 F.3d 24 (2nd Cir.2006)......................................................................9

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6 (1st Cir.

2008) ......................................................................................................................9

*Regents of the Univ. of Cal. v. Credit Suisse First Boston*, 482 F.3d 372 (5th Cir.

2007) ......................................................................................................................9

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir.2009)..........................10

*Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672 (7th Cir. 2001) ..............................9

iv

*Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009) ....................................9

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009)..........................9

*Waste Management Holdings Inc v. Robert Mowbray*, 208 F.3d at 293 (1st Cir.

2000) ..........................................................................................................................5

## United States Supreme Court Cases

*Falcon*, 457 U.S. 147 (1982) .....................................................................................10

## Third Circuit Cases

*Byrd v. Aaron's, Inc.,* 784 F.3d 154 (3rd Cir. 2015)................................................6, 7

*Carrera v. Bayer Corp.,* 727 F.3d 300 (3d Cir. 2013).................................................6

*In re Community Bank of Northern Virginia*, 418 F.3d 277, 306 (3d Cir.2005).....11

*In Re Schering*, 589 F.3d 585, at 596 (3rd Cir 2009)...................................................9

*Newton v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir.2001)

.......................................................................................................................................4

## PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. 1292(b) and FRCP 23

Pursuant to 28 U.S.C. § 1292(b), Rule 5 of the Federal Rules of Appellate

Procedure and Rule 23(f) of the Federal Rules of Civil Procedure, Petitioners

respectfully petition this Court for permission to appeal from the order entered on

March 31, 2016 (attached hereto as Exhibit A) by the Honorable Sue L. Robinson

of the United States District Court for the District of Delaware. The Court's

Memorandum Order adopted the Report and Recommendations of the Magistrate

Judge which, inter alia, denied the Petitioners Motion to Certify a Class, and

further denied Petitioners' Motion to Compel Pre-certification Discovery.

Fed.R.Civ.P. 23(f) expressly provides that a petition for permission to appeal may

be filed within 14 days of the entry of an order granting or denying class

certification.

## INTRODUCTION

This Court should permit an interlocutory appeal as this case involves a

potential class of persons whose fundamental civil rights are being violated.

Petitioners have alleged the existence of an unconstitutional pattern and practice by

the Wilmington Police Department ("WPD"), the fundamentals of which have

been admitted to by the WPD itself. Moreover, the district court, in adopting the

1

same Report and Recommendations of the Magistrate Judge concluded that the

Petitioners' Amended Complaint would not be futile, and the "allegations in the

amended complaint (taken as true) sufficiently state violations of 42 U.S.C. § 1983

for the policy, custom, or practice and the failure to train claims." For these

reasons it is imperative that this Court review the issue of class certification at this

juncture, in order to ensure that the rights of the potential class are preserved, if

necessary.

## **FACTUAL BACKGROUND**

Petitioners have alleged, in their Amended Complaint, that pursuant to policy

and custom, the Respondent, WPD, engaged in a pattern and practice of

handcuffing, transporting, searching, and detaining individuals based only on

reasonable suspicion, in violation of the United States Constitution, as well as

federal and state law. (D.I. 30, Ex. A). Petitioners further allege that Respondent

kept records of those persons subjected to the policy by noting "n/a" in the

"charge(s)" column of the Department's Turnkey Prisoner Log (since these

persons were never charged with a crime. (see, Amended Complaint, at ¶¶ 38-39),

or by noting "ID" in the "disposition" column of the same form (Id., at ¶ 40).

Petitioners have alleged that the designation "ID" stands for Investigatory

Detention, which is Respondent's normal procedure pursuant to the target policy.

(Id., at ¶¶ 31; 41). Petitioners have alleged that persons detained under WPD's unconstitutional policy that were never charged with a crime are readily ascertainable from the Turnkey Prisoner Log. (Id., at ¶ 38). Additionally, prisoners charged with resisting arrest in the "charge(s)" column with no underlying charge to support the initial detention also were likely taken into custody pursuant to WPD's the investigatory detention policy. (Id., at ¶¶ 43-44).

Petitioners filed a Motion for Class Certification (D.I. 3), as well as a Motion to Compel pre-certification discovery (D.I. 17). The district court adopted the findings of the Magistrate Judge, who denied the Motion for Class Certification and denied as moot the Motion to Compel.

## QUESTIONS PRESENTED

1. Do Petitioners civil rights claims satisfy the requirements for class certification under Fed.R.Civ.P. 23?

2. Are Petitioners entitled to discovery prior to being denied class certification?

## RELIEF SOUGHT

Petitioners seek a reversal of the district court's order denying their Motion for Class Certification, and further seek a reversal of the district court's denial of their Motion to Compel pre-certification discovery.

3

## **REASONS WHY AN APPEAL SHOULD BE PERMITTED**

In 1998, the Supreme Court responded to the risk of improvident and largely unreviewable class certification decisions by amending Fed.R.Civ.P. 23 to provide for interlocutory appeal by permission of the court of appeals. *Newton v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir.2001). Recognizing that denying or granting class certification is often the defining moment in class actions (for it may sound the "death knell" of the litigation on the part of plaintiffs, or create unwarranted pressure to settle nonmeritorious claims on the part of defendants), the Rule acknowledges the extraordinary nature of class actions and permits the appellate courts to develop a coherent body of jurisprudence in this area." *Id.*, at 162. The Rule now provides that "[a] court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within fourteen days after entry of the order." Fed.R.Civ.P. 23(f).

The Committee Note for Rule 23(f) provides that, "Permission is most likely to be granted when the certification decision turns on a novel or unsettled question of law, or when, as a practical matter, the decision of certification is likely dispositive of the litigation." *Newton*, at 163. The Third Circuit has held then that there are "at least three principles to guide the appellate courts in their exercise of discretionary jurisdiction: (1) when denial of certification effectively terminates the

4

litigation because the value of each plaintiff's claim is outweighed by the costs of stand-alone litigation; (2) when class certification places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability; and (3) when an appeal implicates novel or unsettled questions of law; in this situation, early resolution through interlocutory appeal may facilitate the orderly development of the law." Id. But, "if the appellant demonstrates that the ruling on class certification is likely erroneous, " 'taking into account the discretion the district judge possesses in implementing Rule 23, and the correspondingly deferential standard of appellate review,' " *Waste Management Holdings Inc. v. Robert Mowbray*, 208 F.3d at 293 (1st Cir. 2000) (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834-35 (7th Cir. 1999)), interlocutory review may be proper."

In the case at bar, Petitioners submit that the district court's ruling on class certification – as well as the related issue of pre-certification – is likely erroneous. In addition, the denial of certification likely terminates some claims because the cost of litigation precludes all claims from being pursued. As set forth below, Petitioners believe that there are several areas where the district court's order failed to properly apply the law.

Plaintiffs dispute the Rule 23 analysis undertaken by the district court, and point to the analysis of the U.S. District Court for the Southern District of New York, in

5

deciding *Stinson v. City of New York*, 282 F.R.D. 360 (2012), as persuasive. The *Stinson* court considered a motion for class certification in the context of allegations of unconstitutional pattern and practice by a city police department, substantially similar to the allegations in the instant case. Plaintiffs contend that the analysis undertaken by that court, in granting the motion for class certification, is proper given the case precedent on which this Court must rely. In addition, the district court's findings that class certification, and pre-certification discovery, were not appropriate are inconsistent with controlling case precedent.

## 1. The District Court Failed to Properly Determine Ascertainability

The conclusion reached by the district court was that, in order to ascertain members of plaintiffs' proposed class, the court would have to engage in individualized "mini-trials. (D.I. 60, at 3). This analysis is flawed. [9] The ascertainability inquiry is two-fold, requiring a plaintiff to show that: (1) the class is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's, Inc.,* 784 F.3d 154 (3rd Cir. 2015) (citing, *Marcus,* 687 F.3d 583, 593-594 (3d. Cir. 2012). The ascertainability requirement consists of nothing more than these two inquiries. A plaintiff need only show "class members can be identified." *Id*., at 163. (citing, *Carrera v. Bayer,* 727 F.3d 300 (3d Cir.2013).

6

The Third Circuit, in *Byrd*, noted, "[w]e were careful to specify in Carrera that "[a]lthough some evidence used to satisfy ascertainability, such as corporate records, will actually identify class members at the certification stage, ascertainability only requires the plaintiff to show that class members *can be identified*." *Byrd*, at 164. Likewise, the U.S. District Court for the Southern District of New York, in deciding *Stinson v. City of New York*, 282 F.R.D. 360 (2012), held that, [t]he standard for ascertainability 'is not demanding.' It is designed only to prevent the certification of a class whose membership is truly indeterminable."

Courts have rejected the notion that certifying a class in this context would require a "parade of mini-trials." The court in *Stinson* relied upon a Second Circuit decision in reaching this conclusion. "The Court rejected this contention, noting that "[t]he Second Circuit recently held in a similar Fourth Amendment class action that, '[i]n light of the pervasive character of the common liability issues and the admitted *de minimis* nature of individualized liability issues,' a district court had abused its discretion by finding that individual issues predominated. This Court will not repeat that mistake." *Stinson[1]*, at 378. The reliable and administratively feasible mechanism for determining whether putative class

---

[1] Citing, *Casale v. Kelly*, 257 F.R.D. 396 (S.D.N.Y. 2009); *In re Nassau County Strip Search Cases*, 461 F.3d 219, 225 (2d Cir.2006)).

7

members fall within the class definition is the particular designations of certain detainees in Defendants' Prisoner Turnkey Logs. Certain designations denote detention without probable cause.[2] Thus the class is ascertainable.

## 2. The Adoption of the Report and Recommendations Was Improper

Although the district court did not address each requirement for class certification in its Memorandum Order, it did adopt the Report and Recommendations of the Magistrate Judge in denying the Petitioners' Motion for Class Certification. Petitioners seek to appeal this finding as the analysis undertaken by the Magistrate Judge, and thereafter adopted by the district court, was flawed. Specifically, the Magistrate Judge determined that Petitioners failed to identify a sufficient number of persons to warrant class certification. (D.I. 52, at 8). She further indicated that pre-certification discovery – for the purpose of identifying additional putative class members - would be futile, based on other findings.[3] *Id.* Petitioners contend that, because the Magistrate Judge erred in the analysis of the requirements of Rule 23, as discussed more fully below, and failed to grant Petitioners pre-certification discovery (also discussed more fully below) a full consideration of numerosity is mandated, after discovery aimed at identifying

---

[2] This argument also supports Plaintiffs' position that pre-certification discovery should have been granted, so that Plaintiffs could explore the various designations of detainees pursuant to the investigatory detention policy.
[3] The Magistrate Judge admits, however, "The turnkey log and other evidence referenced by plaintiffs may supply the identities of additional class members sufficient to meet the numerosity requirement and the Third Circuit encourages the district court to conduct a 'rigorous analysis' of the evidence and arguments that 'resolve[s] all factual or legal disputes relevant to class certification."

8

putative class members. Certainly it should be noted that Petitioners are currently

in possession of one day's worth of logs, which reveal 2-3 persons who potentially

meet the criteria to be class members. Extrapolating that number to include the

daily logs since the date of the filing of the Complaint results in a potential class of

thousands of individuals. The Third Circuit has made clear, "we have instructed

district courts, where appropriate, to 'delve beyond the pleadings to determine

whether the requirements for class certification are satisfied.'" *In Re Schering*, 589

F.3d 585, at 596 (3rd Cir 2009).[4] Other circuits have agreed, stating, "In deciding

whether to certify a class under Fed. R. Civ.P. 23, the district court must make

whatever factual and legal inquiries are necessary and must consider all relevant

evidence and arguments presented by the parties." *In re IPO*, 471 F.3d 24 (2nd

Cir.2006) (vacating district court's denial of class certification based on court's

determination that plaintiffs had not made a sufficient showing to meet these

requirements).[5] It is a mystery then as to why the Magistrate Judge would not grant

Plaintiffs' request for pre-certification discovery, despite the acknowledgement

that a rigorous analysis of all issues is required.

---

[4] Quoting *Beck*, 457 F.3d 291, 297 (3d Cir.2006); *Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); and *Newton*, 259 F.3d 154, 167 (3d Cir.2001).
[5] See also, *Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009); *Gariety v. Grant Thornton LLP*, 368 F.3d 356, 366 (4th Cir. 2004); *Blades v. Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2005); *Regents of the Univ. of Cal. v. Credit Suisse First Boston*, 482 F.3d 372, 380 (5th Cir. 2007); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 17 (1st Cir. 2008); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672,676 (7th Cir. 2001).

The Magistrate Judge asserted that one of the named Petitioners, Jayvon Wright, is not an adequate representative of the class. (D.I. 52, at 12). Yet the claims of the class representative need not be identical to the claims of class members. *Falcon*, 457 U.S. 147 (1982). And adequacy is satisfied as long as one class representative is adequate. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir.2009). Moreover, the court has the authority to remedy flaws in the class. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir.1985). The district court engaged in no attempt to remedy any flaws in the class, choosing instead to strike the class altogether.

Ultimately, the analysis of the district court consistently returned to the issue of individual claims. The Magistrate Judge determined that the requirements of Rule 23(b)(3) were not satisfied because "the need for individualized findings of the factual circumstances and relevant legal classifications surrounding each detention precludes class certification. This is error, as the Magistrate presented no basis for the finding that "each individual's claim raises radically different factual and legal issues from those of other plaintiffs." (D.I. 52, at 15). Although common issues must predominate over individual inquiries, the existence of an individual inquiry does not preclude class certification, especially where all members face the necessity of proving the same fraudulent scheme. *In re Community Bank of*

10

*Northern Virginia*, 418 F.3d 277, 306 (3d Cir.2005). The findings of the district court do not mesh with this precedent.

In addition to the basis found in the flawed Rule 23 analysis, the findings of the district court must be reversed because denial of class certification will, ostensibly, preclude the majority of those whose civil rights have been violated in the manner set forth in Petitioners' Amended Complaint from the pursuit of justice. Many of those impacted by the unconstitutional pattern and practice complained of are persons who have been unlawfully stopped, handcuffed, searched, transported, and detained for less than two hours before being released without charges. The claims of the majority are simply not of the type that will be litigated. Individually, they will be perceived to carry insufficient value to warrant the investment necessary to bring them to trial. Moreover, the persons who are being victimized by the Wilmington Police Department in this manner are often unaware that this conduct is a violation of the most fundamental of their rights. It is only in the context of class litigation that the collective voices of those impacted can be forceful enough to compel change. The appeal of this matter must be heard to ensure that the law has been followed, and also to ensure that the rights of those affected by this practice are valued appropriately.

## CONCLUSION

For the reasons stated above, Petitioners Jayvon Wright, Antoine Murrey, Keith Medley, Gregory Griffin and Rashad El respectfully requests that this Court permit an appeal under 28 U.S.C. § 1292(b), and Fed.R.Civ.P 23(f).

## **STATEMENT OF RELATED CASES**

Plaintiffs-petitioners are not aware of any related cases pending in this

Court.

## CERTIFICATION OF COMPLIANCE PURSUANT TO FED. R. APP. 32(a)(7)(C) AND CIRCUIT RULE 32-1

I certify that the attached petition is not subject to the type-volume limitations

of Fed. R. App. P. 32(a)(7)(B) because this petition complies with the page

limitation established by Fed. R. App. 5(c).

THE NORMAN LAW FIRM

DATED: April 12, 2016          */s/ Stephen P. Norman*

Stephen P. Norman, Esquire, Bar. No. 4620
Daniel C. Herr, Esquire, Bar No. 5497
The Norman Law Firm
30838 Vines Creek Road, Unit 3
Dagsboro, DE 19939
(302) 537-3788
snorman@thenormanlawfirm.com
*Attorneys for Plaintiff*

14

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that the undersigned certifies that on **April 12, 2016**, he caused the foregoing **Petition for Permission to Appeal** to be served via electronic mail and U.S. Mail to the following person:

C. Malcolm Cochran, IV
Christine D. Haynes
Richard Layton & Finger
920 North King Street
Wilmington, DE 19801
Cochran@rlf.com

### THE NORMAN LAW FIRM

DATED: April 12, 2016                     */s/ Stephen P. Norman*
                                          Stephen P. Norman, Esquire, Bar. No. 4620
                                          Daniel C. Herr, Esquire, Bar No. 5497
                                          The Norman Law Firm
                                          30838 Vines Creek Road, Unit 3
                                          Dagsboro, DE 19939
                                          (302) 537-3788
                                          snorman@thenormanlawfirm.com
                                          *Attorneys for Plaintiff*

15

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAYVON WRIGHT, ANTOINE MURREY, and KEITH MEDLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 13-1966-SLR/SRF |
| CITY OF WILMINGTON, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

At Wilmington this 31st day of March, 2016, having reviewed the Report and

Recommendation ("R&R") issued by the Honorable Sherry R. Fallon on January 28,

2016 (D.I. 52), as well as the objections thereto and the papers (D.I. 53, 55, 58, 59)

filed in connection therewith;

IT IS ORDERED that the R&R is adopted, and objections are overruled, for the

following reasons:

1. **Standard of Review.** The court is charged with conducting a de novo review

of the magistrate judge's report and recommendation to which specific, written

objections are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d

1099, 1106 n.3 (3d Cir. 1989). The court may "accept, reject, or modify the report of

the magistrate judge, on whole or in part, the findings and recommendations of the

magistrate judge." 28 U.S.C. § 636(b)(1). Although review is de novo, the district court,

in exercising its sound discretion, is permitted to rely on the recommendations of the



EXHIBIT
A

magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 676-677 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

2. **Background.** Plaintiffs object to the Magistrate Judge's recommendation that the court deny plaintiffs' motion for class certification, as well as the recommendation that the motion to compel be denied. (D.I. 55) They contend that the R&R is flawed because the findings with respect to class certification and pre-certification discovery are inconsistent with controlling precedent. Specifically, plaintiffs argue that the Magistrate Judge failed to follow the analysis used in *Stinson v. City of New York*, 282 F.R.D. 360 (S.D. N.Y 2012) on allegations of an unconstitutional pattern and practice by a police department, similar to the claims at bar. Defendant counters that *Stinson* is distinguishable and non-binding authority. (D.I. 55)

3. Defendant objects to the Magistrate Judge's recommendation to deny its motion to dismiss as moot and to grant plaintiff's motion to amend the complaint, arguing that the proposed amended complaint would not cure deficiencies (failure to state claims regarding an unconstitutional policy and an unconstitutional custom and practice) found in the original complaint. (D.I. 53) Plaintiffs respond, asserting that the Magistrate Judge did not err in finding the amended complaint was warranted and sufficient. (D.I. 58)

4. **Discussion.** Beginning with the class certification objection to the R&R, the Magistrate Judge properly commenced the analysis by setting forth the four requirements under Rule 23(a), before turning to the Third Circuit's additional requirement - ascertainability. *Carrera v. Bayer Corp.,* 727 F.3d 300, 306-307 (3d Cir.

2

2013). The Magistrate Judge concluded that in order to ascertain members of plaintiffs'
proposed class, the court would have to conduct "individualized fact-finding and mini-
trials in contravention of Third Circuit precedent." (D.I. 52 at 7)

5. The court finds no error in this finding. In *Carrera*, the Third Circuit explained
the reasoning behind the ascertainability requirement and encouraged courts to
conduct a vigorous analysis to determine whether a plaintiff has demonstrated, by a
preponderance of the evidence, that the class is "currently and readily ascertainable
based on objective criteria." *Carrera*, 727 F.3d at 306 (quoting *Marcus v. BMW of North
America, LLC*, 687 F.3d 583, 593 (3d Cir. 2012)). The R&R reflects a careful and well-
reasoned consideration of the problems associated with sifting through police records
to find which individuals were detained under the conditions set forth in the proposed
class and then determining which of these individuals were detained based on
reasonable suspicion or probable cause. Although plaintiffs maintain that the *Stinson*
court successfully found ascertainability on similar facts, the court finds the case
inapposite. The *Stinson* court modified the class "to capture only those summons
dismissed for want of probable cause" and to "ensure that the class is not overly-
inclusive, the class certified [was] defined to include individuals who were issued
summonses that were later dismissed upon a judicial finding of facial insufficiency and
who were ticketed without probable cause." *Stinson*, 282 F.R.D. at 377. Significantly,
in *Stinson*, there were two levels of review: "first stage defect review" and then a judicial
finding on facial insufficiency. *Id.* At bar, there has been no judicial determination of a
lack of probable cause or reasonable suspicion with respect to plaintiffs' proposed

3

class. As a result, the Magistrate Judge correctly concluded that the identification of the potential members of the proposed class would require the court to engage in individualized fact finding and mini-trials.[1]

6. With respect to the recommendation to deny the motion to dismiss as moot and to grant amendment of the complaint, the court finds the R&R correctly considered the issues, appropriately concluded that amendment would not be futile, and did not abuse its discretion in so recommending. The allegations in the amended complaint (taken as true) sufficiently state violations of 42 U.S.C. § 1983 for the policy, custom, or practice and the failure to train claims.

7. **Conclusion.** The objections are overruled and R&R is adopted.

8. IT IS FURTHER ORDERED that:

a. Plaintiffs' motion to certify class (D.I. 3) is denied. Plaintiffs' motion to compel (D.I. 17) is denied as moot. Plaintiffs' motion to amend (D.I. 30) is granted.

b. Defendant's motions to dismiss (D.I. 10) and for a protective order (D.I. 15) are denied as moot.

c. The case is remanded to Magistrate Judge Fallon to conduct a scheduling conference consistent with Fed.R.Civ.P. 16(b).

United States/District Judge

---

[1]Given that the ascertainability requirement is an essential requirement for a class action, it is unnecessary to address the remaining objections to the R&R on class certification.

4